IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TROY J. ANDERSON, | ) | No. C 14-0509 LHK (PR) |
| Plaintiff, | ) | ORDER TO SHOW CAUSE |
| v. | ) | |
| MARK A. PETERSON, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for alleged civil rights violations. Plaintiff has also filed an application for leave to proceed in forma pauperis ("IFP"). (Docket No. 2).

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil

Order To Show Cause
P:\PRO-SE\LHK\CR.14\Anderson509osc1915.wpd

1  Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that
2  is "of little weight or importance: having no basis in law or fact," and the word "malicious"
3  refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d
4  1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories
5  can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under
6  section 1915(g) should only occur when, "after careful evaluation of the order dismissing an
7  [earlier] action, and other relevant information, the district court determines that the action was
8  dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

9       *Andrews* requires that the prisoner be given notice of the potential applicability of section
10 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the
11 ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.*
12 *Andrews* implicitly allows the court to raise the section 1915(g) problem *sua sponte*, but requires
13 the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g)
14 dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the
15 action. *See id.* at 1120. A dismissal under section 1915(g) means that a prisoner cannot proceed
16 with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays
17 the full filing fee at the outset of the action.

18       A review of the dismissal orders in plaintiff's prior prisoner actions reveals that he has
19 had at least three such cases dismissed on the ground that they were frivolous, malicious, or
20 failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the
21 court believes the following federal district court dismissals may be counted as dismissals for
22 purposes of section 1915(g): (1) *Anderson v. Geithner*, No. 12-0901 JWS (PR) (N.D. Cal.
23 dismissed on April 24, 2012) (dismissed as frivolous); (2) *Anderson v. Peterson*, No. 12-0887
24 JSW (PR) (N.D. Cal. dismissed on April 24, 2012) (dismissed for failure to state a claim); (3)
25 *Anderson v. CDCR*, No. 10-5557 CW (PR) (N.D. Cal. dismissed Aug. 10, 2011) (dismissed
26 under *Heck v. Humphrey*, 512 U.S. 477 (1994)); (4) *Anderson v. Superior Court*, No. 09-2790
27 JSW (PR) (N.D. Cal. dismissed July 31, 2009) (dismissed for failure to state a claim); (5)
28 *Anderson v. San Francisco Police Department*, No. 05-1725 JSW (PR) (N.D. Cal. dismissed

1  May 9, 2005) (dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994)); and (6) *Anderson v.*
2  *Pittsburg Police Department*, No. 01-0967 CRB (PR) (N.D. Cal. dismissed on May 21, 2011)
3  (dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994)).
4        In light of these dismissals, and because plaintiff does not appear to be under imminent
5  danger of serious physical injury, *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir.
6  2007), plaintiff is ORDERED TO SHOW CAUSE in writing no later than <u>thirty (30) days</u> from
7  the date of this order why his motion for leave to proceed IFP should not be denied and this
8  action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If plaintiff is so inclined, he
9  may avoid dismissal by paying the $400.00 filing fee.  In any event, the court will continue to
10 review under section 1915(g) all future actions filed by plaintiff while he is incarcerated in
11 which he seeks IFP status.
12       <u>Failure to file a timely response or failure to pay the full filing fee in will result in the</u>
13 <u>dismissal of this action without further notice to plaintiff.</u>
14       IT IS SO ORDERED.
15 DATED: 4/5/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order To Show Cause
P:\PRO-SE\LHK\CR.14\Anderson509osc1915.wpd    3